UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
DEC 03 2018
Clerk, U.S. District and Bankruptcy Courts

DEBORAH DIANE FLETCHER, )
         )
  Plaintiff, )
         )
v. ) Civil Action No. 1:18-cv-02376 (UNA)
         )
DEPARTMENT OF MOTOR VEHICLES, )
         )
  Defendant. )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint ("Compl.") and an application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff sues the "Florida Dept. of Motor Vehicles, locate[ed] in Miami, Florida." Compl. at 2. She alleges that defendant has unfairly withheld her driver's license and that she has suffered "the price of prejudice" because she has been unable to drive since 2002. *Id.* She seeks damages in excess of $75,000. *Id.* The Court construes plaintiff's claim as one arising under 42 U.S.C. § 1983, alleging an infringement on interstate travel.

The Eleventh Amendment to the U.S. Constitution immunizes state bodies from suit in federal court, unless immunity is waived.[1] *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999); *Keenan v. Washington*

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13–15 (1890).

*Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327–28 (D.D.C. 1986) (citing cases). A waiver is found "only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.' " *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted). Defendant here is an agency of the State of Florida, and courts consistently have held that state agencies are immune from suit under section 1983. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Deretich v. Office of Administrative Hearings, State of Minn.*, 798 F.2d 1147, 1154 (8th Cir. 1986); *Gleason v. Board of Educ. of City of Chicago*, 792 F.2d 76, 79 (7th Cir. 1986); and *Tuveson v. Florida Governor's Council on Indian Affairs, Inc.*, 734 F.2d 730, 732–3 (11th Cir. 1984).

Even if defendant is not a state agency, courts have held that the denial of a driver's license does not constitute a violation of the right to interstate travel. *See Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999). Accordingly, plaintiff also has filed to state a cognizable section 1983 claim.

Plaintiff has neither pled nor established that defendant has expressly consented to be sued for damages. Therefore, this case is dismissed for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: November 26, 2018

United States District Judge